**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 19-4232**

_____

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

    v.

DANIEL ERNEST MCGINNIS,

               Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Lynchburg.  Norman K. Moon, Senior District Judge.  (6:08-cr-00025-NKM-1)

_____

Submitted:  September 26, 2019            Decided:  September 30, 2019

_____

Before NIEMEYER and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Juval O. Scott, Jr., Federal Public Defender, Randy V. Cargill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant. Thomas T. Cullen, United States Attorney, Roanoke, Virginia, Jean B. Hudson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Ernest McGinnis appeals the district court's judgment revoking his supervised release and sentencing him to 11 months' imprisonment. McGinnis challenges the reasonableness of his sentence, contending that the district court did not consider his evidence of good behavior while awaiting his revocation hearing and in failing to impose his sentence concurrent to a state sentence. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). We "will affirm a revocation sentence if it is within the statutory maximum and is not 'plainly unreasonable.'" *Id.* (quoting *United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006)). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). A sentence is substantively reasonable if the district court states a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. *Crudup*, 461 F.3d at 440. A sentence within the applicable policy statement range under Chapter 7 of the Sentencing Guidelines is presumed reasonable. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015). Applying these standards, we readily conclude that McGinnis's within-range, 11-month sentence is neither procedurally nor substantively unreasonable. The court recognized that it had the authority to run the sentence concurrently to a state sentence, considered McGinnis's argument, and found that it was not appropriate.

Accordingly, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*